**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YCS INVESTMENTS; YOUNGSVILLE DEVELOPMENT, INC.; YOUNGSVILLE HOLDINGS, INC.; EDENVALE HOLDINGS, INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE; DAVID BERNHARDT, in his official capacity as Acting Secretary of the United States Department of the Interior; AURELIA SKIPWITH, in her official capacity as Director of the United States Fish and Wildlife Service, <br><br> Defendants-Appellees. | No. 20-15514 <br><br> D.C. No. 4:19-cv-01899-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 11, 2020
San Francisco, California

Before: TASHIMA, TALLMAN, and MURGUIA, Circuit Judges.

Plaintiffs-Appellants YCS Investments, Youngsville Development, Inc.,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Youngsville Holdings, Inc., and Edenvale Holdings, Inc. (collectively, "YCS") bring claims against the United States Fish and Wildlife Service ("FWS") under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, alleging that FWS's actions have injured YCS's conservation interest in the threatened bay checkerspot butterfly. YCS appeals the district court's dismissal for lack of standing. We review "a motion to dismiss for lack of standing de novo, construing the factual allegations in the complaint in favor of the plaintiffs." *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015) (quoting *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013)). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      YCS must plead a concrete and particularized injury sufficient to establish standing for its four causes of action alleging that FWS violated the ESA and the APA when it approved the County of Santa Clara's ("County") Habitat Conservation Plan ("Plan") and issued an Incidental Take Permit ("Permit") for the bay checkerspot butterfly in 2013. *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Plan covers approximately 460,200 acres of land, including approximately 2,150 acres of land owned by YCS, and controls

construction and development in the area, as well as protection of endangered and threatened species, including the butterfly.

YCS alleges that errors by FWS in approving the Plan and issuing the Permit "may result" in the butterfly population on its property "being extirpated." YCS cannot show that FWS's approval of the Plan and issuance of the Permit caused it any injury, because neither action affected YCS's ability to conserve its land or caused a loss of butterfly habitat on that land. YCS does not allege that the approval of the Plan or the issuance of the Permit has prevented YCS from continuing its research and study of the butterflies on its land.

While YCS's payment for third-party research may demonstrate a long-standing interest in conservation generally, YCS's alleged injury to its purported conservation interest is too vague and speculative to establish harm. *See Pac. Nw. Generating Coop. v. Brown*, 38 F.3d 1058, 1063 (9th Cir. 1994). YCS has not pleaded a concrete and particularized injury sufficient to establish standing for its four claims regarding approval of the Plan and issuance of the Permit. *See Salmon Spawning*, 545 F.3d at 1225 (citing *Lujan*, 504 U.S. at 560–61).

2. YCS has not alleged a cognizable injury for its fifth cause of action alleging that FWS failed to reinitiate consultation regarding the Plan and Permit under ESA Section 7. *See* 16 U.S.C. § 1536; 50 C.F.R. § 402.16. YCS argues that "new information"—the County's refusal to permit YCS to build a residential

3

development—requires FWS to reinitiate consultation because the County's refusal threatens the butterfly with extinction. However, YCS did not have approval from the County to develop its land when FWS approved the Plan and issued the Permit in 2013, and YCS still lacks approval today. The only new information is YCS's own decision to stop conserving its land. Because YCS has itself created the new circumstance alleged, it lacks a cognizable injury for its fifth cause of action. *See* 16 U.S.C. § 1536; 50 C.F.R. § 402.16; *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (self-inflicted harm cannot satisfy standing requirements).

**AFFIRMED.**